## Duffy and Mehaffy *against* Lytle.

Upon a bond of indemnity there can be but one judgment against the same party, and that must be for the amount of the penalty, with an assessment of damages by the jury upon the breaches assigned. If subsequent breaches occur, the remedy is by *scire facias* upon that judgment, the assignment of additional breaches, and the assessment of damages upon them.

A prior judgment, upon the same cause of action, sustains the plea of a former recovery, although the judgment is in an action commenced subsequently to the one in which it is pleaded.

ERROR to the district court of *Lancaster* county.

This was an action upon a bond, and the style of the suit was; James Duffy and James Mehaffy, for the use of Henry Haines, Jun., so far as relates to the interest of James Duffy, in the bond of indemnity given to them by John Pedan and Joseph Lytle, which said James Duffy has assigned to Henry Haines, Jun., so far as relates to his interest therein, against Joseph Lytle.

The facts of the case, which gave rise to the principles determined, are all set out in the following pleadings of the parties.

"Lancaster county, ss. James Duffy and James Mehaffy, who sue for the use of Henry Haines, Jun., so far as it relates to the interest of James Duffy, in a certain bond of indemnity given to them by a certain John Pedan, now deceased, and Joseph Lytle, which said Duffy has assigned to the said Henry Haines, Jun., so far as relates to his interest therein, complaint against Joseph Lytle, of Rapho township in said county, of a plea that he render unto them 7233 dollars 41 cents, which to them he owes, and from them unjustly detains; for that whereas on the 19th day of July, in the year of our Lord one thousand eight hundred and fifteen, at the county aforesaid, the said Joseph Lytle and one John Pedan, since deceased, and whom the said Joseph Lytle survived, by their certain writing obligatory, sealed with their seals, and here to the court now shown, whose date is the day and year aforesaid, acknowledged himself to be held and firmly bound to them, the said James Mehaffy and James Duffy, in the sum of 7233 dollars and 41 cents, lawful money of the United States; and the said James Mehaffy and James Duffy, who sue for the use of Henry Haines, Jun., so far as relates to the interest of the said James Duffy in said bond, according to the form of the statute in such case made and provided, say that the said writing obligatory was made with a condition underwritten, that if the said John Pedan, now deceased, and Joseph Lytle, their heirs, executors, administrators, or any of them, should and would well and truly, from time to time and at all times thereafter, well and sufficiently save, defend, keep harmless, and indemnify the said James Mehaffy

and James Duffy, their heirs, executors and administrators, and his and their goods and chattels, lands and tenements of and from all actions, suits, payments, costs, charges and damages, for or by reason of 3616 dollars 71 cents, being the one-fourth of a bond given by John Pedan, James Mehaffy, James Duffy and Henry Share, to Frances Evans, of the borough of Lancaster, dated the 6th day of April one thousand eight hundred and thirteen, wherein Henry Cassel, George Snyder and Joseph Lytle are security, being the fourth part of the bond which John Pedan was bound to pay, without fraud or further delay, then the said bond was to be void and of none effect, or else to be and remain in full force and virtue ; and the said James Mehaffy and James Duffy, who sue for the use of Henry Haines, Jun., so far as relates to the interest of the said James Duffy in said bond of indemnity, aver that the bond given to Frances Evans, mentioned in the conditions of the said writing obligatory, was a bond dated the 6th day of April, one thousand eight hundred and thirteen, executed by John Pedan, James Mehaffy, James Duffy and Henry Share, as parties principals, and Henry Cassel, George Snyder and Joseph Lytle, as sureties to the said Francis Evans, in the penalty of 48,581 dollars 25 cents, conditioned for the payment of 24,290 dollars 62 cents upon the 1st day of April one thousand eight hundred and fourteen, with lawful interest from the 1st day of April one thousand eight hundred and thirteen. . And the said plaintiffs further aver, that the money payable on the bond of the said Frances Evans, not being paid agreeably to the tenor thereof, the same was put in suit in the common pleas of Lancaster county, November term 1815, and such proceedings had as that judgment was rendered in said suit in favour of plaintiffs, and execution issued thereon, and the real estate of Henry Share, one of the co-obligors, levied, and by virtue of a *pluries venditioni exponas,* to November term 1820, sold, out of the proceeds of which the said Frances received the amount due on her said bond, including the said 3616 dollars 71 cents, and its interest, which the said John Pedan was bound to pay.   And the said James Mehaffy and James Duffy, who sue for the use of Henry Haines, Jun., so far as relates to the interest of the said James Duffy in the said bond of indemnity, say that neither the said John Pedan and Joseph Lytle, in the lifetime of the said John, nor the said Joseph, since his death, did indemnify and keep harmless them, the said James Mehaffy and James Duffy, of and from all actions, suits, payments, costs, charges and damages, for or by reason of the 3616 dollars 71 cents, in the condition of the said writing obligatory mentioned, and for assigning further breach of the condition of the said writing obligatory, according to the form of the statute in such cases made and provided, the said James Duffy and James Mehaffy, who sue for the use of Henry Haines, Jun., so far as relates to the interest of the said James Duffy, in the said bond of indemnity, say that Henry Share, one of the obligors in the bond of Frances Evans, mentioned in the condition of the said writing

v.—Q

obligatory, having by the sale of his real estate, as aforesaid, paid to the said Frances Evans the said sum of 3616 dollars 71 cents, together with its interest, which the said John Pedan was bound to pay, did, on the 12th day of May one thousand eight hundred and twenty-one, among other things, assign, transfer and set over unto Henry Haines, Jun., all his right, title and claim to contribution from the other co-obligors in the bond, to the said Frances Evans, in the condition of the said writing obligatory mentioned, for and in consequence of his having paid, by the sale of his real estate, the said sum of 3616 dollars 71 cents, and its interest, to the said Frances Evans, being the sum which the said John Pedan was bound to pay her. And the said James Mehaffy and James Duffy, who sue for the use of Henry Haines, Jun., so far as relates to the interest of James Duffy in the said bond of indemnity, further say, that the said Henry Haines, Jun., by virtue of said assignment, instituted an action on the case in the name of Henry Share, for the use of Henry Haines, against James Duffy, in the district court for the city and county of Lancaster, to June term 1827, No. 90, for the purpose of recovering from him the portion of the said 3616 dollars 71 cents and its interest, paid by Henry Share, out of the proceeds of his real estate as aforesaid, which he, the said Duffy, was bound to pay; which action having been transferred agreeably to law, to the circuit court of Lancaster county, to December term 1827, No. 2, such proceedings were had therein, that, upon the 25th day of September, one thousand eight hundred and twenty-eight, judgment was rendered against the said James Duffy in favour of Henry Share, for the use of Henry Haines, for the sum of 2620 dollars 21 cents, by means of which premises the said James Duffy hath sustained large damages, to wit, to the amount of 7233 dollars 41 cents, by reason of which breaches the said writing obligatory became forfeited; and the said James Duffy having assigned all his interest in said bond of indemnity to Henry Haines, Jun., in satisfaction of said judgment, *and action hath accrued* to them, the said James Mehaffy and James Duffy, who sue for the use of Henry Haines, Jun., so far as relates to the interest of James Duffy in the said bond of indemnity, to have and demand from the said Joseph Lytle, who survived John Pedan, the said sum of 7233 dollars 41 cents, above demanded. Yet the said Joseph Lytle, although often requested, the said sum of 7233 dollars 41 cents, or any part thereof, hath not paid, but the same, or any part thereof to pay, hath hitherto wholly neglected and refused, and still doth neglect and refuse, to the damage of them, the said James Mehaffy and James Duffy, who sue for the use of Henry Haines, Jun., so far as relates to the interest of the said James Duffy, in said bond of indemnity, 7233 dollars 41 cents, and, therefore, they bring suit,". &c.

Defendant's plea of a former recovery, filed the 3d of September 1833.

"And the said Joseph Lytle, by his attorneys, comes and defends the

[Duffy and Mehaffy v. Lytle.]

wrong and injury when, &c. and says that the said J. Duffy and James Mehaffy, ought not to have or maintain their aforesaid action thereof against him, because he says that the said James Duffy and James Mehaffy, heretofore, to wit: in the term of September 1831, No. 28, in the district court for the city and county of Lancaster, impleaded the said Joseph Lytle who survived John Pedan in a certain plea in debt of 7233 dollars 41 cents, which said action so impleaded in the said district court, was in due form of law removed by the said James Duffy and James Mehaffy into the circuit court of Lancaster city and county, to the term December in that year last aforesaid, No. 1, with the proceedings touching the same, and such proceedings were thereupon had in the said circuit court in that action and plea, that afterwards, to wit, at the sittings of the said circuit court in the term of April, in the year 1833, the said James Duffy and James Mehaffy, recovered in the said action and plea against the said Joseph Lytle, by the consideration of the same court, the sum of 7233 dollars 41 cents debt; and 2919 dollars 53 cents damages, with 6 cents costs; whereupon the said Joseph Lytle, the defendant in that said action and plea, removed the same by appeal from the said circuit court into the supreme court of Pennsylvania for the Lancaster district to May term 1833, where, in the said term of May 1833, the judgment of the circuit court was affirmed, and the record thereupon remitted to the said circuit court, as by the record and proceedings of the said action and plea, remaining in the said circuit court, fully appears. And the said Joseph Lytle further says, that the said writing obligatory specified in the record of the judgment of the recovery in the said circuit and supreme courts, now remaining as aforesaid in the said circuit court, whereby the said James Duffy and James Mehaffy recovered the said debt, damages and costs in form aforesaid, and the said writing obligatory now here into court brought by the said James Duffy and James Mehaffy, is one and the said writing obligatory and no other or different: and this the said Joseph Lytle is ready to verify by the record. Wherefore since the said James Duffy and James Mehaffy have long since, in form aforesaid, recovered the said debt by them now demanded, the said Joseph Lytle prays judgment if the said James Duffy and James Mehaffy (the record of the said judgment and recovery still being in all things in full force and effect) ought to have their said action thereof against him."

Plaintiff's replication to defendant's plea of a former recovery, filed the 3d of September 1833.

" And as to the plea of a former recovery by the said Joseph Lytle on the 3d day of September 1833, above pleaded, the said plaintiffs say, that the said Joseph ought not to be admitted or received to plead the said plea, because, they say, that the said plea mentioned was instituted on the 29th day of August 1831, long after the commencement of this suit by James Mehaffy, in the name of him the said James Mehaffy and James Duffy, and prosecuted by him without any knowledge, participation or concurrence of either the

said James Duffy or the said Henry Haines, and without committal of the interest of either the said James Duffy or the said Henry Haines. The said suit being instituted and prosecuted by said James Mehaffy, under his sole and only direction and government, to effectuate to him his indemnity by and from the said Joseph Lytle, according to the form and condition of the said bond and obligation declared upon and not to sustain any interest, use, benefit or purpose whatsoever, by them, the said James Duffy and Henry Haines, or either of them, nor had they, either of them, any connection, direction, participation or control whatsoever of the said suit so instituted and prosecuted as aforesaid by the said James Mehaffy, the breaches assigned in the declaration in the said suit, being exclusively for the injury by the said James Mehaffy sustained, and the defence by the said J. Lytle made, being altogether in answer to the said breaches, and not to any sustained by the said James Duffy or H. Haines, or either of them; and the damages assessed being for injury done to the said James Mehaffy only, and the recovery resulting to his use alone, and not to that of the said James Duffy and Henry Haines, or either of them, as by the record of the said suit remaining in the said court more fully and at large appears, and because this suit having been instituted on the 22d day of January 1829, long before the suit in the said plea mentioned, as by the laws of this commonwealth the plaintiffs, who sue for the use of Henry Haines, had a right to do, in order to obtain the effect of the condition of the said bond so far as regards the interest of the said James Duffy, they have a right to prosecute the same to full and final effect, so as to obtain the benefit of the indemnity of the condition of the said bond so far as relates to the interest of the said James Duffy, which no action of the said James Mehaffy, on the said bond under the laws aforesaid, could impede or impair, and the breaches in the declaration filed, being entirely for the injury sustained by the said James Duffy, and the damages claimed resulting to him, for the use of the said Henry Haines, the defence of the said Joseph Lytle, ought to be wholly and entirely in answer to the said breaches, and not to any injury done or to damages suffered by the said James Mehaffy, all of which the said plaintiffs are ready to verify; wherefore they pray judgment if the said Joseph Lytle should be admitted or received against the record, and his defence as aforesaid to the breaches in that suit assigned to plead the plea of a former recovery by him above pleaded; and they likewise pray judgment for their debt and damages sustained, so far as relates to the interest of the said James Duffy, to be awarded to them."

Defendant's rejoinder to this replication, filed the 27th of December 1834.

" And the said Joseph Lytle, as to the last amended replication of the said James Duffy and James Mehaffy, (filed on the 20th of December 1834) to the plea of the said Joseph Lytle, of a former recovery, saith that the said James Duffy and James Mehaffy, ought

not by reason of any thing by them in that replication alleged to have or maintain their aforesaid action thereof against him the said Joseph Lytle, because he says that there is such a record as that set forth, and pleaded by him the said Joseph Lytle, in his said plea, in manner and form, as the same is set forth and pleaded, and that this he is ready to verify by the said record, when and where, and in such manner as this honourable court shall appoint."

Plaintiff's demurrer.

" And as the rejoinder of the said Joseph Lytle, filed on the 27th of December 1834, to the replication of the said plaintiffs, made and filed on the 20th of October 1834, the said plaintiffs say that the same, and the matters therein contained in manner and form, as the same are above pleaded and set forth in said rejoinder, are not sufficient in law to bar or preclude them; the said plaintiffs from having and maintaining their aforesaid action thereof against him the said Joseph Lytle, and that they, the said plaintiffs, are not bound by the law of the land to answer the same; wherefore, for want of a sufficient rejoinder in this behalf, they the said plaintiffs pray judgment for their debt and damages sustained by reason of the several breaches in their declaration mentioned, so far as relates to the interest of the said James Duffy to be adjudged to them."

" And as to the rejoinder of the said Joseph Lytle, filed on the 27th of December 1834, to the replication of the said plaintiff, made and filed on the 20th of October 1834, the said plaintiffs say that the same and the matters therein contained in manner and form as the same are above pleaded and set forth in the said rejoinder, are not sufficient in law to bar or preclude them, the said plaintiffs, from having and maintaining their aforesaid action thereof against him the said Joseph Lytle, and that they ,the said plaintiffs are not bound by the law of the land to answer the same; wherefore, for want of a sufficient rejoinder in this behalf they the said plaintiffs pray judgment for their debt and damages sustained by reason of the several breaches in their declaration mentioned so far as relates to the interest of the said James Duffy, to be adjudged to them.   And the said plaintiffs, according to the form of the statute in such cases made and provided, state and show here to the court the following causes of demurrer to the said rejoinder, that is to say; that the said rejoinder is evasive, for it neither confesses nor avoids, nor in any way by traverse or otherwise denies the several matters of estoppel in the said replication, (filed on the 20th of October 1834,) particularly set forth and specified, to wit : ' that the said suit in the said plea of a former recovery mentioned, was instituted on the 29th of August 1831, long after the commencement of this suit by James Mehaffy, in the name of him, the said James Mehaffy, and James Duffy, and prosecuted by him without any knowledge, participation or concurrence, of either the said James Duffy or Henry Haines, and without committal of the interest of either the said James Duffy or the said Henry Haines, the said suit being instituted and prosecuted by the said James Mehaf-

fy, under his sole and only direction and government to effectuate to him his indemnity, by and from the said Joseph Lytle, according to the form and condition of the said bond and obligation, declared upon and not to sustain any interest, use, benefit or purpose whatsoever, of the said James Duffy and Henry Haines, or either of them; nor had they, or either of them, any connection, direction, participation, or control whatsoever, of the said suit so instituted and prosecuted as aforesaid by the said James Mehaffy, the breaches assigned in the declaration in the said suit being exclusively for the injury by the said James Mehaffy sustained and the defence by the said Joseph Lytle made, being altogether in answer to the said breaches, and not to any injury sustained by the said James Duffy or Henry Haines, or either of them, and the damages assessed being for the injury done to the said James Mehaffy only, and the recovery resulting to his use alone, as by the record of the said suit, remaining in the said court, more fully and at large appears, and not to that of the said James Duffy and Henry Haines, or either of them; and because this suit was instituted on the 22d day of January 1829, long before the suit in the said plea mentioned, as by the laws of this commonwealth the plaintiffs, who sue for the use of Henry Haines had a right to do in order to obtain the effect of the condition of the said bond, so for as regards the interest of the said James Duffy, they have a right to prosecute the same to full and final effect, so as to obtain the benefit of the indemnity of the condition of the said bond so far as relates to the interest of the said James Duffy, which no action of the said James Mehaffy, on said bond, under the laws aforesaid, could impede or impair; and the breaches in the declaration filed being entirely for the injury sustained by the said James Duffy, and the damages claimed resulting to him for the use of the said Henry Haines, the defence of the said Joseph Lytle ought to be wholly and entirely in answer to the said breaches, and not to any injury done to, or damage suffered by the said James Mehaffy,' none of which said several matters of estoppel are by the said rejoinder confessed and avoided or in any way by traverse or otherwise denied, but wholly evaded and left unanswered.    And the said rejoinder is informal and insufficient, because it merely re-affirms the matters in the plea of a former recovery, pleaded by the said Joseph Lytle on the 4th of September 1833, all of which matters were, by the replication thereto filed on the 20th of October 1834, confessed and avoided, and the said plea in all its parts fully answered by way of estoppel and the judgment of the court prayed whether the said Joseph Lytle should be admitted or received against the record, and his defence as aforesaid to the breaches in that suit assigned to plead the plea of a former recovery, by him so as aforesaid pleaded ; also that the said rejoinder is in other respects uncertain, informal and insufficient; wherefore, for want of a sufficient rejoinder in this behalf they, the said plaintiffs, pray judgment for their debt and damages sustained by reason of the

[Duffy and Mehaffy v. Lytle.]

several breaches in their declaration mentioned, so far as relates to the interest of the said James Duffy, to be adjudged to them."

Opinion of the Court below, Hayes, President. This action was brought on a bond of indemnity given to James Duffy and James Mehaffy, by a certain John Pedan, now deceased, and the defendant, Joseph Lytle, in the sum of 7233 dollars 41 cents. It was brought to the February term 1829. No. 55.

The bond is set forth in the declaration, together with the condition and the breaches of the condition by which the obligation was forfeited, as well as the general breach; which is that the said Joseph Lytle, although often requested, &c., the said sum of 7233 dollars 41 cents, or any part thereof, hath not paid, &c., but refused, &c., to the damage of them, the said James Mehaffy and James Duffy, who sue for the use of Henry Haines, Jun., so far as relates to the interest of the said James Duffy in said bond of indemnity, 7233 dollars 41 cents, &c.

Among the pleas pleaded, is one of a former recovery, that the said James Duffy and James Mehaffy, heretofore, to wit: in the term of September 1831, No. 28, in the district court, impleaded the said Joseph Lytle, who survived John Pedan, in a certain plea in debt of 7233 dollars 41 cents, in which such proceedings were had, that at the April term 1833, of the circuit court, into which the action was removed, the said James Duffy and James Mehaffy recovered, in the said action and plea against the said Joseph Lytle by the consideration of the same court, the sum of 7233 dollars 41 cents debt, and 2919 dollars 53 cents damages with 6 cents costs; and the judgment of the said circuit court being removed by appeal, was affirmed in the supreme court. The said Joseph Lytle further averred, that the said writing obligatory, specified in the record of the judgment of recovery in the said circuit and supreme courts, whereby the said James Duffy and James Mehaffy recovered the said debt, damages and costs, in form aforesaid, and the said writing obligatory now here into court brought, by the said James Duffy and James Mehaffy, is one and the same writing obligatory, and not other or different. Wherefore, since the said James Duffy and James Mehaffy, have long since, in form aforesaid, recovered the said debt by them now demanded, the said Joseph Lytle prays judgment, if the said James Duffy and James Mehaffy, (the record of the said judgment and recovery still being in all things in full force and effect,) ought to have their said action thereof against him.

To this plea the plaintiffs replied that the action mentioned in the plea, was instituted on the 29th of August 1831, long after the commencement of this suit, by James Mehaffy, and prosecuted by him without any knowledge, participation or concurrence, of either the said James Duffy or the said Henry Haines, Jun., under his, James Mehaffy's, sole direction, to effectuate to him his indemnity, by and from the said Joseph Lytle, according to the form and condition of

the said bond and obligation declared upon: that the breaches assigned in the declaration, were exclusively for the injury by the said James Mehaffy sustained, and the defence by the said Joseph Lytle made, being altogether in answer to the said breaches and not to any injury sustained by the said James Duffy or Henry Haines, Jun., or either of them; and the damages assessed being for the injury done to the said James Mehaffy only, and the recovery resulting to his use alone, &c.

The defendant rejoined, simply re-affirming the existence of the record set forth in his plea, and tendering himself ready to verify the same, when and where, and in such manner as the court should direct.

To this rejoinder the plaintiffs demurred,

1. As insufficient in law.

2. As evasive—that it neither confesses, avoids, nor in any way, by traverse or otherwise, denies the several matters of estoppel in the replication, particularly set forth and specified, to wit: "that the said suit in the said plea," &c.

3. As informal and insufficient, because it merely re-affirms the matters in the plea of former recovery, pleaded by the said Joseph Lytle, all of which matters were confessed and avoided by the plaintiff's replication, and the said plea in all its parts, fully answered by way of estoppel, and the judgment of the court, prayed whether the said Joseph Lytle should be admitted or received against the record, and his defence as aforesaid, to the breaches in that suit assigned, to plead the plea of a former recovery by him, so as aforesaid pleaded.

The question raised by this demurrer is whether the judgment and verdict recovered in the action set forth in the defendant's plea of former recovery constitutes a good bar to the present action?

Let it be premised that this is not a question upon a former or another action pending for the same cause, but it is *exceptio rei judicatæ;* and, therefore, the fact that the action in which the alleged former recovery was had, was commenced after the present action was instituted is immaterial.

Let it also be premised that the cause of action here, as well as in the action mentioned in the plea, is the obligation in the bond of indemnity.

The judgment recovered in that action was the full amount of the debt specified in the obligation. This was the sum declared for, and by that judgment the obligation of the bond was extinguished.

There are then two grounds on which this plea is sustainable.

1. The cause of action being the same in both suits. *Nemo debet bis vexari pro eadem causa.*

2. The obligation, being extinguished by the judgment, cannot support the present action.

The statute eighth and ninth, *Wm 3, c. 9, sect.* 8, provided a remedy for cases of this description, enacting that in all actions which shall

[Duffy and Mehaffy v. Lytle.]

be commenced or prosecuted upon any bond or bonds, or upon penal sum for non-performance of any covenants, or agreements in any indenture, deed, or writing contained, the plaintiff or plaintiffs may assign as many breaches as he or they shall think fit; and the jury upon trial of such action or actions shall and may assess not only such damages and costs of suit, as have heretofore been usually done in such cases, but also damages of such breaches so to be assigned as the plaintiff upon the trial of the issues shall prove to have been broken, and that the like judgment shall be entered on such verdict as heretofore has been usually done in such like actions; and if the money be paid in satisfaction of such damages before execution, then execution to be stayed by entry on the record, " Or if by reason of an execution executed, the plaintiff or plaintiffs or his or their executors or administrators shall be fully paid or satisfied, all such damages so to be assessed together with his or their costs of suit, and all reasonable charges or expenses for executing the said execution. The body, lands or goods of the defendant, shall be thereupon forthwith discharged from the said execution, which shall likewise be entered upon record; but notwithstanding in each case judgment shall remain, continue and be as a further security to answer the plaintiff or plaintiffs, and his or their executors and administrators, such damages as shall or may be sustained for further breach of any covenant or covenants in the same indenture, deed or writing contained, upon which the plaintiff or plaintiffs may have a *scire facias* upon the said judgment against the defendant, or against his heirs, &c., suggesting other breaches of the said covenants or agreements, and to summon him or them respectively, &c., upon which there shall be the like proceedings as was in the action of debt upon the said bond or obligation for assessing of damages upon trial of issue joined upon such breaches, &c.

It was under this statute, that the plaintiffs in both these actions have proceeded. The *narrs* which are in each case *reddendo singula singulis*, the same refer to the statute as authority for assigning the breaches. But the statute so far from granting the privilege or authority of several and distinct recoveries for the same cause of action, expressly provides for a course of proceeding which makes our judgment sufficient to answer every repeated complaint springing from a breach of the condition.

The judgment is made cautionary, and breaches are from. time to time, to be assigned by the plaintiff, by a *scire facias* to be issued thereon. The only change which the statute contemplated in the allowed and usual proceeding at common law, was in the assignment of breaches, in order that the plaintiff, in obtaining judgment might at the same time, and at any future times, receive such compensation in damages as the violation of the condition or covenant would justly entitle him to.

The jury was authorised and required to assess not only such damages and costs of suit as have been heretofore usually done in such

V.—R

cases, i. e., on the general breach of the obligation; but also damages of such of the said breaches so to be assigned as the plaintiff upon the trial, &c., shall prove to have been broken. And the like judgment shall be entered on such verdict as heretofore has been usually done in such like actions.

There was, therefore, to be a regular verdict and judgment (where, for instance, the suit was brought on a bond) for the amount of the penalty or sum contained in the obligation, being for so much debt with so much damages and costs, and then also (and this was the peculiar improvement of the statute) so much in damages for the special conditions broken.

The *narrs*, in these cases, have pursued the course evidently marked out by the statute. The count is on the bond or obligation and the breach of the declaration is stated to be in the neglect and refusal to pay the sum in the obligation mentioned. For that sum judgment was rendered; and the legal action on the bond is just as complete, at all points, as if there had been no condition to the obligation.

It is clear then that the replication to the plea of former recovery cannot be sustained. For though it be, and is true, that the recovery pleaded was in a suit prosecuted by James Mehaffy, to recover an indemnity for the losses which he had suffered, yet with reference to the main proceeding, the action itself, James Duffy was a co-plaintiff, and with James Mehaffy, recovered a judgment for the full amount of the obligation given to them jointly.

As to the recovery of damages for the breaches of condition assigned, that is an incidental proceeding, and since the judgment by force of the statute, remained, continued, and was as a further security to answer to the plaintiff or plaintiffs, such damages as might be sustained for further or other breaches, &c., I cannot perceive why the plaintiff, James Duffy, to the use of Henry Haines, Jun., might not avail himself thereof, in order to receive his several and distinct damages.

Let judgment on the demurrer be entered for the defendant.
Error assigned.

The court erred in rendering judgment upon the demurrer in favour of the defendant; by the law of the land the judgment should have been in favour of the plaintiffs.

The cause was submitted to this court without argument.

The opinion of the Court was delivered by

KENNEDY, J.—According to the course of the common law, no rule seems to be better established; than that but one judgment can be had on the same bond against the same party. To this we have some exceptions created by statute, as in the case of the official bonds required to be given by sheriffs, constables, coroners, &c. It cannot be said, however, that there is any statute changing the rule of the common law in this respect, as regards the bond in question. The

[Duffy and Mehaffy v. Lytle.]

statute of eighth and ninth *Wm* 3, *c.* 11, *sec.* 8, is, to be sure, applicable to it, but then that statute does not sanction or authorise the bringing of two suits and the recovery of two judgments. · It was passed for the purpose of relieving the obligor from the payment of the penalty, upon his failing to comply with the condition of the bond, where the damages actually sustained by reason thereof fell short of the amount of the penalty; and to prescribe a mode whereby the damages sustained might be assessed and levied as often as breaches of the condition should happen to be committed. The suit, in the first instance, is commenced upon such bond in the same manner since the passage of the statute, that it was before; and the plaintiff upon showing a breach of its condition is entitled to a judgment for the whole amount of the penalty. The words of the statute, as to this, are, " the like judgment shall be entered;" but the jury trying the issue, in case one be joined, are required to assess the damages for such breaches of the condition, as the plaintiff upon the trial shall prove to have been broken; or if the judgment shall be given for the plaintiff on demurrer, by confession or *nil dicit,* the damages are to be assessed by a jury under a writ of inquiry of damages sued out thereon: And beyond the amount of the damages thus assessed and the costs, the plaintiff is not allowed to levy by execution upon his judgment. The judgment, however, is still to remain in full force, notwithstanding the damages so assessed may be paid by the defendant, or levied from him by execution, as a further security to answer to the plaintiff such damages as he may sustain by any further breach of the condition of the bond; · upon which judgment he may have a *scire facias* against the defendant or his representatives, as often as any new breach shall be committed, calling upon him or them to show cause why execution should not be awarded upon *the judgment;* when the same proceeding, as in the action upon the bond, shall be had for assessing of the damages on account of such new breaches. But a second action or judgment is not authorised to be maintained or had for the penalty, upon the bond, on account of other breaches, than those for which the judgment already rendered was given. It is perfectly clear that if there be a remedy for the loss occasioned by such other breaches, it must be by *scire facias* to be sued out upon the judgment obtained. And indeed it would seem that as the statute does not direct any judgment to be entered for the damages assessed and for the costs, either in the case of a *scire facias,* or upon the return of an inquisition, that there can only be *one judgment,* namely, the old judgment for the amount of the debt, that is; the penalty and nominal damages, merely for the detention thereof, say six cents, together with the costs of increase, *vide* Sergeant Williams, note in Gainsford *v.* Griffith, 1 *Saund. Rep.* 58, *e.*; Hankin *v.* Broomhead, 3 *Bos. & Pull.* 607.

The circumstance of this action being brought upon the bond previously to the one in which the judgment was entered, that has

[Duffy and Mehaffy v. Lytle.]

been pleaded in bar to the further maintenance of this, does not seem to furnish a sufficient reason, why the plea should not be held good: Because, although the priority of an action may be a very good reason, why a subsequent one for the same cause shall not abate it, and why the first, when pleaded properly, should abate the second, as the plaintiff ought not to be permitted to vex and harass the defendant against his will, with two actions for the same cause, yet it is obvious, that it is not the priority in the commencement of the one action, that renders the judgment obtained therein a bar to the plaintiff's obtaining a second judgment in the other; but because the first judgment, when given, whether it be in the action commenced first or last, extinguishes the original cause of action, and gives to the plaintiff, in lieu thereof, one of a higher order. Instead then of the debt, as was the case here, being founded upon a bond, it became immediately upon the rendition of the judgment, though in the last action commenced, a debt of record that could be no longer controverted. And hence the defendant could not, thereafter, be said to stand indebted to the plaintiffs by a bond or specialty, but by a judgment, that had become matter of record which could not be questioned or denied. Under this view we think the judgment of the district court right.

Judgment affirmed.