VAN ALSTYNE *vs.* THE PRESIDENT, DIRECTORS &c. OF THE INDIANA, PITTSBURGH AND CLEVELAND RAIL ROAD COMPANY.

An agreement was entered into between the parties, by which the plaintiff was to work for the defendants for a year, commencing January 1, 1857, at $75 per month. On the 15th of April, 1857, the plaintiff was paid in full to that day, and was, at his own request, and with the consent of the defendants, discharged from their employment. On the 1st of September, 1857, he tendered his services to the defendants, and repeatedly did so, until the end of the year 1857. In November, 1857, he sued the defendants for two months' wages, viz, for *September* and *October*, 1857. The defendants putting in no answer, judgment was taken against them by default. The present action was brought, upon the same contract, to recover wages for the months of *November*, and *December*, 1857. *Held* that the defendants were not estopped by the record of the recovery in the former action, from showing that the agreement between the parties had been *vacated* by mutual consent.

APPEAL from a judgment entered upon the report of a referee. The complaint alleges that the parties made an agreement, whereby the plaintiff was to work for the defendants for a year, commencing January 1st, 1857, and the defendants were to pay the plaintiff $75 for each and every month therefor; that the plaintiff had performed his part of the contract, and had tendered his services for the months of November and December, 1857, which the defendants rejected; and that there is $150 due him from the defendants. The answer denies that the plaintiff worked for the defendants during said months of November and December, and puts in issue the alleged tender by the plaintiff of his services for the two months. The answer also sets up as a defense, that on the 15th of April, both parties entered into an agreement with each other, whereby the said agreement for a year was terminated, and the employment of the defendant ceased.

The action was referred to the Hon. William Mitchell, and tried before him. The referee found that the plaintiff was employed by the defendants for a year, commencing the 1st

Van Alstyne *v.* Indiana, P. and Cleveland R. R. Co.

of January, 1857, at $75 a month, payable monthly; that he continued in their employment until the 15th of April, 1857, when he was paid in full to that day, and was at his own request and with the consent of the defendants, discharged from their employment, and went into the employment of another company; in whose employment he continued until September 1st, 1857; that on the last mentioned day, he tendered his services to the defendants, and tendered the same almost daily from that time to the end of the year 1857. The referee also found, as matter of fact, that the plaintiff sued the defendants, in November, 1857, on a complaint similar to the complaint in this action, for two months' wages, viz. for September and October, 1857; that the defendants putting in no answer, judgment was taken against them by default, and the amount of the judgment levied on execution.

The referee found, as matter of law, that the defendants were not estopped from showing in this action that the agreement for a year was vacated by mutual consent; that under the facts proved in this case, it was so vacated, and that the defendants were entitled to judgment.

*H. Sacia,* for the appellant.

*L. Fairbanks,* jun. for the respondents.

*By the Court,* SUTHERLAND, J. There was conflicting testimony on the question of fact, whether the agreement for a year was vacated by mutual consent. The referee found that it was, and that finding cannot be questioned on this appeal.

The other question is, were the defendants estopped by the record of the recovery against them in the former action, which was introduced in evidence on the trial, from showing, in this action, that the agreement for a year had been so vacated? The referee held as matter of law, that they were not. This was clearly right.

This action was not brought for the *same cause* as the

former one. The alleged cause of action in this suit was the non-payment of the stipulated wages for the months of *November* and *December;* in the former action, the non-payment of the stipulated wages for the months of *September* and *October*. The causes of action in both suits were founded upon the same agreement, but were not the same.

The defendants did not appear or answer in the former action, and of course did not set up the matter as to the agreement having been vacated by mutual consent, in that action, by way of defense; and that matter could not have been tried or passed upon in that action. Had the defendants appeared in the former action and put in a general denial, without setting up the matter as to the agreement having been vacated by mutual consent, by way of defense, it would not have been necessary for the plaintiff to prove that the agreement had not been rescinded or vacated, in order to recover in that action; it would not have been necessary for the plaintiff to go out of his case and prove a negative.

The allegation, in the complaint in the former action, that the defendants had refused to pay the plaintiff for the months of September and October, or had rejected his services when tendered, *" without any legal excuse,"* does not affect the question. Surely it would not have been necessary for the plaintiff to show whether the defendants had any excuse, or to raise the question whether they had any excuse.

The counsel for the plaintiff substantially takes the position, because the defendants chose, voluntarily and without being under any legal obligation to do so, to pay the plaintiff for the months of September and October, that therefore they are bound to pay him for November and December, although they now insist upon their legal rights.

In my opinion the cases cited by the counsel for the plaintiff have no application to the point in question; and the judgment should be affirmed with costs.

NEW YORK GENERAL TERM, February 4, 1861. *Clerke, Allen* and *Sutherland,* Justices.]