JOSIAH JEX, RESPONDENT, *v.* EPHRAIM A. JACOB AND OTHERS, APPELLANTS.

*Supplemental answer — what defence may be interposed in — action on lease must cover all demands for rent then due thereon — recovery of part of the rent bars an action for the residue.*

This action was brought by the plaintiff to recover $6,615 for two quarters rent accruing on August 1, and November 1, 1877, on a lease, under seal, given by him to the defendants. Subsequent to its commencement, the plaintiff brought another suit, in another court, against the same defendants, to recover the balance of a quarter's rent, $150, which had fallen due, under the same lease, on February 1, 1877, and recovered a judgment therein, which was paid. Thereupon the defendants put in a supplemental answer, setting up, as one of the defences, the recovery and payment of the judgment in the second action. Upon an appeal from a judgment entered upon an order sustaining a demurrer to this defence.

*Held,* That the recovery and payment of the judgment in the second action, though occurring during the pendency of the first, was properly pleaded by a supplemental answer.

That, when pleaded, it constituted a defence thereto.

That the judgment sustaining the demurrer should be reversed, without prejudice to an application to vacate the judgment in the second action, and for leave to return to the defendants the money paid upon it, and consolidate both actions, on such terms as might be just.

APPEAL by the defendants from a judgment, entered upon an order sustaining a demurrer to the second defence set up in a supplemental answer served in the action.

The plaintiff, by lease under seal, dated January 23, 1871, leased to the defendants certain premises on the corner of Forty-

---

* The appeal papers show that a conviction was had, but no judgment appears to have been entered. — [REP.

second street and Broadway, for the term of ten years, commencing on the 1st day of February, 1871, at the annual rent of $13,230, to be paid in equal quarter-yearly payments. The defendants neglected to pay rent for the quarter ending August 1, 1877, amounting to the sum of $3,307.50, and for the quarter ending November 1, 1877, amounting to the sum of $3,307.50; and on the 8th day of November, 1877, plaintiff brought this action against the defendants to recover the amount due for said two quarters' rent. Subsequently to the commencement of the present action, the plaintiff brought a separate suit against the defendants in the Court of Common Pleas, for the city and county of New York, to recover the sum of $155.82, being for $150, balance of rent due for the quarter ending February 1, 1877, and $5.82, balance of interest on back rent. The defendants interposed no defence to that suit, and judgment was entered against them by default on the 19th day of December, 1877, in the sum of $189.94, being said last-mentioned amount, with interest and costs of suit, and on or about the 21st day of December, 1877, the defendants satisfied said last-mentioned judgment by paying it.

After paying said judgment, the defendants served an amended and supplemental answer to the complaint in the present action, and by said supplemental answer, interposed as one of the defences a plea in bar setting up the recovery, and the payment of the judgment in the second suit as a bar to the recovery by plaintiff of any judgment in this action. The plaintiff demurred to this defence for insufficiency in not stating facts sufficient to constitute a defence, and said demurrer coming on to be heard, the same was sustained, and judgment ordered for the plaintiff against the defendants thereon, with costs.

*E. A. Jacob,* for the appellants. It is an elementary principle of law, that an entire or indivisible claim or demand cannot be split up so as to make it the subject of two or more separate actions. (*Miller* v. *Covert,* 1 Wend., 487; *Guernsey* v. *Carver,* 8 id., 492; *Stevens* v. *Lockwood,* 13 id., 646; *Smith* v. *Jones,* 15 Johns., 229; *Farrington* v. *Payne,* 15 id., 432; *Willard* v. *Sperry,* 16 id., 121; Wells on Res Adjudicata, 204; *Bendernagle* v.

*Cocks*, 19 Wend., 206; *Avery* v. *Fitch*, 4 Conn., 362; *Secor* v. *Sturgis*, 16 N. Y., 548; *Coggins* v. *Bullwinkle*, 1 E. D. Smith, 436; *Yates* v. *Fasset*, 5 Denio, 28; *Hopf* v. *Myers*, 42 Barb., 270; *Logan* v. *Caffrey*, 6 Casey, 196.) Although where several claims, payable at different times, arise out of the same contract, separate actions can be brought as each liability enures, yet, if no action is brought until more than one is due, all that are due must be included in one action. (*Reformed Church* v. *Brown*, 54 Barb., 191; *McIntosh* v. *Lown*, 49 Barb., 557; *Baird* v. *United States*, 96 U. S. Sup. Ct., 430; *Casselbery* v. *Forquer*, 27 Ill., 170; 4 G. Greene [Iowa], 317; *O'Beirne* v. *Llyod*, 43 N. Y., 248; 3 W. & S., 143.) It does not affect the rule in any way, whether the judgment was recovered in the suit first brought or in that subsequently commenced. (*Nichols* v. *Mason*, 21 Wend., 339; *Waterbury* v. *Graham*, 4 Sandf., 215; *Yates* v. *Preston*, 41 N. Y., 113; *Marble* v. *Keyes*, 9 Gray, 221; *Paine* v. *Schenectady Ins. Co.*, 16 Am. Law Reg. [N. S.], 564; *North Bank* v. *Brown*, 50 Me., 214; *Baxley* v. *Linah*, 16 Penn., 241.)

*Adolph L. Sanger*, for the respondent. The plaintiff had a distinct and independent cause of action for each quarter's rent under the lease. The contract was severable into parts, and for each breach the plaintiff had a separate cause of action. (*Beach* v. *Crain*, 2 N. Y., 86, 96; *Badger* v. *Titcomb*, 15 Pick., 409, 413; *Cooke* v. *Whorwood*, 2 Saund., 337; *Rudder v. Price*, 1 H. Bl., 550; *Bristow* v. *Fairclough*, 1 Man. & G., 143; *Sedden* v. *Tudor*, 6 Durn. & E., 607; *Rex* v. *Sheriff*, 1 Barn. & Ad., 672.) The judgment recovered in the second suit was for an independent contract; the issue was not the same. (*Phillip* v. *Berrick*, 16 Johns., 139; *Staples* v. *Goodrich*, 21 Barb., 317; *Brown* v. *King*, 10 Mo., 57.) One action of covenant is no bar to another on the same instrument, claiming for another breach. (*Merchants' Ins. Co.* v. *Algeo*, 7 Cas. [Penn.], 446; *Warren* v. *Cummings*, 6 Cush., 104; opinion of SUTHERLAND, J., in *Van Alstyne* v. *Ind. R. R.*, 34 Barb., 30; *Florence* v. *Jennings*, 2 C. B. [N. S.], 454; *Morgan* v. *Rollins*, 2 Moak Eng. Rep., 611; *Andover Bank* v. *Adams*, 1 Allen, 28; *Spar-*

*hawk* v. *Wills*, 6 Gray, 163; *Lord* v. *Belknap*, 1 Cush., 279.) The plea in bar could only have been raised, if at all, as a defence to the second suit, which was subsequently brought to recover the $155. (*Mills* v. *Garrison*, 3 Keyes, 40; *O'Beirne* v. *Lloyd*, 1 Sweeny, 19; *S. C.*, on appeal, 43 N. Y., 248, 251.)

DANIELS, J.:

This action has been brought to recover $6,615, with interest thereon, for rent accruing on a lease executed by the parties, whereby certain premises were demised to the defendants by the plaintiff. At the time when this suit was commenced, other rent had become due to the plaintiff on the same covenant, for the preceding occupancy by the defendants of the same premises for the recovery of which an action was subsequently brought. Judgment by default was recovered in that action, which was afterwards satisfied by payment, and leave was thereupon obtained to set forth that recovery and payment as a defence to this action. That was done by a supplemental answer, to which the plaintiff demurred, for the reason that it did not contain facts sufficient to constitute a defence. This was a proper subject for a supplemental answer, even though the judgment relied upon as a defence was recovered while this action was pending. (Code of Civil Procedure, § 544.) And the fact that the judgment was rendered in an action, commenced after the present suit was instituted, rendered the judgment none the less effectual by way of defence. (*Casebeer* v. *Mowry*, 55 Penn., 419; *Duffy* v. *Lytle*, 5 Watts, 120.) Neither was it waived, or the right to set it up as a defence affected, by the omission to interpose the first action by way of abatement. (*Nicholl* v. *Mason*, 21 Wend., 339.) And nothing was said in the decision of the case of *Mills* v. *Garrison* (3 Keyes, 40), which would warrant any different conclusion. All that was there held was that a party, by means of his agreement, might deprive himself of the right to rely upon a judgment for part of an entire demand as a defence to another suit brought for the recovery of the residue. It has no application to a controversy in which no such agreement has in any form been made.

The point, therefore, is distinctly presented whether the recovery in the second action for the small balance of preced-

ing rent, amounting to less than the sum of $200, followed by its actual payment and satisfaction creates a legal defence to the large amount now claimed. Both demands were due when this action was commenced, and they accrued for distinct failures to perform the same covenant. They might properly have been united in the same action. But if the decision made in the case of *McIntosh* v. *Lown* (49 Barb., 550) should be followed, the plaintiff was at liberty to prosecute a different action for the recovery of each of these separate amounts. That decision, though made on the effect of distinct and different covenants, seems to have been strikingly in conflict with the preceding cases on this subject, and as the rule declared by them has since been repeatedly followed, notwithstanding that departure from it, no sound foundation now remains for considering it reliable. The rule of law upon this subject, on a very complete examination of the authorities, was declared to be the other way in the decision of the case of *Bendernagle* v. *Cocks* (19 Wend., 207). By that determination all demands due on the same contract, at the time when the action is commenced, are required to be included in it, or to be held and considered barred, on the recovery of judgment for a part. In other words, they are all held to create but one cause of action. This authority in its facts was very much like the present case, and as it has not been overruled and not seriously questioned, except in the instance already mentioned, it ought to be decisive of the point now presented for decision. But it is not necessary that it should be left to stand simply on the force of that determination. For the same point has been often held by different tribunals in the same way since that decision was made. That was prominently the nature of the decision made in *Secor* v. *Sturgis* (16 N. Y., 548). In the course of the decision then made, it was said that "the case of a contract containing several stipulations to be performed at different times is no exception, although an action may be maintained upon each stipulation as it is broken, before the time for the performance of the others the ground of action is the stipulation which is in the nature of a several contract." (Id., 538.) In the *Reformed Prot. Church* v. *Brown* (54 Barb., 191), it was held that "when several claims payable at different times arise out of the same contract or trans-

action, separate actions can be brought as each liability enures. Still, however, if no action is brought until more than one is due, all that are due must be included in one action ; and if an action is brought when more than one is due, a recovery in the one first brought will be an effectual bar to a second action brought to recover the other claims that were due when the first was brought." (Id., 199.) And it has been already shown that the same result is held to be produced, even though the judgment first recovered is in the action secondly brought. The principle must be the same, whichever action may first terminate in a judgment, for that will work a recovery of a part of what, in reality, is but an entire and single cause of action. The same rule was announced in the case of *Yates* v. *Fassett* (5 Denio, 21–28), where it was held that distinct suits cannot be brought for several breaches of different covenants contained in the same instrument, but all those which have accrued at the time of commencing the suit must be embraced in the same action. *O'Beirne* v. *Lloyd* (43 N. Y., 248) is to the same effect. It was held there that demands which have arisen under the same contract " constitute an entire and indivisible cause of action within the principle of the authorities which are collected and reviewed in the case of *Secor* v. *Sturgis* (id., 250–251)." And nothing different was suggested in deciding *Stowell* v. *Chamberlain* (60 N. Y., 272). But it was, on the contrary, broadly said that if by law a judgment could have been given for the plaintiff in a former suit, for precisely the same cause of action as that for which the present suit was brought, it has within the rule passed into judgment, and is *res adjudicata.* But in order to bar the second action the circumstances must be such that the plaintiff might have recovered in the first for the same cause alleged in the second." (Id., 276.) The rule already stated was in terms sanctioned in *Baird* v. *The U. S.* (96 U. S., 430, 432), and *Casselberry* v. *Forquer* (27 Ill., 170). And nothing whatever conflicting with it was held, or even suggested, in the *Case of Spelman* (74 N. Y., 448).

Various authorities have been relied upon and cited by the plaintiff's counsel for the purpose of supporting the demurrer, but they wholly fail to do so, with the exception of *McIntosh* v. *Lowns* (*supra*); and *Badger* v. *Titcomb* (15 Pick., 409). The first

of these cases was clearly opposed to those which preceded it, as it has been to the cases following it, and for that reason it cannot be adopted as a correct exposition of the law on this subject; while the other was held to be unsound by the decision which was made in *Bendernagle* v. *Cocks* (19 Wend., 207–209). In *Van Alstyne* v. *Indiana, Pittsburgh and Cleveland R. R. Co.* (34 Barb., 28); and *Bristowe* v. *Fairclough* (1 Man. & Gr., 143), the subject matter of the second suit had not accrued when the first was commenced. While in *Seddon* v. *Tutop* (6 Durn. & East, 607); *King* v. *Sheriff* (1 Barn. & Adol., 673); *Phillips* v. *Berick* (16 Johns., 136); and *Staples* v. *Goodrich* (21 Barb., 317), the causes of action were distinct and separate, arising from what were substantially different and independent contracts or transactions. And that of *Beach* v. *Crain* (2 Comst., 86) was for a subsequent breach of a continuing agreement. The case of *Florence* v. *Jenings* (2 Com. Bench [N. S.], 454), in no way aids the plaintiff, for the first suit was on a bill of exchange, and the second on a distinct agreement made for the payment of interest. And the other authorities cited by the plaintiff's counsel are all included within the qualifications of the general rule, which has been already mentioned. The demurrer interposed to the second defence presented by the supplemental answer cannot be sustained. But the order must be reversed and judgment given for the defendant, with costs and the costs of this appeal, but with liberty to the plaintiff to withdraw the demurrer, and without prejudice to an application on motion to vacate the judgment recovered, and for leave to return to the defendants, the money received by way of satisfying it, on such terms as the court, to which it may be made, shall deem proper in case it shall be allowed to prevail, and for the consolidation of the actions.

Davis, P. J., concurred.

Present — Davis, P. J., Ingalls and Daniels, JJ.

Ordered reversed, judgment ordered as directed in opinion.