We find no error in the record, and the judgment should be affirmed.

All concur.

Judgment affirmed.

---

JAMES BYRNES, Respondent, *v.* MATTHEW BYRNES, Appellant.

In 1871 plaintiff entered into defendant's employment under an agreement that he was to receive for his services $14 per week, $9 to be paid and $5 to remain in defendant's hands on interest until plaintiff should want it or should leave the service. Plaintiff continued in said employment

until 1881. In an action to recover the amount of wages retained, it appeared that in 1874 plaintiff made a special deposit with defendant of $100, and that after he left defendant's service, he brought an action to recover that sum and obtained judgment therefor, which was paid. *Held,* that the claim for the $100 was a separate and independent cause of action, and said judgment was not a bar to this action.

Plaintiff in the former action, for the purpose of being permitted to sue as a poor person, made an affidavit that he was not worth $100 besides wearing apparel and furniture and the subject-matter of that action. Plaintiff testified that he swore to the affidavit without actually knowing its contents or understanding the force of the language used therein. Plaintiff could not read or write. Defendant's counsel requested the court to charge that if plaintiff did not know the contents of the affidavit he was guilty of perjury; this was refused. *Held* no error.

While it is perjury for one knowingly and willfully to swear to a fact as true about which he knows nothing, the swearing to an affidavit, the contents of which the deponent does not know, is not necessarily perjury ; to constitute the crime he must have willfully made the affidavit, knowing that he did not know its contents or the facts alleged.

Plaintiff produced on the trial a letter purporting to have been written by the defendant, and attempted to prove it by him, but he denied substantially having written it, and without further proof it was received in evidence ; subsequently it was clearly proved that defendant wrote the letter. *Held,* that the error in receiving it was cured by the subsequent proof.

Defendant was afterward asked by his counsel to give what explanation he could of a material portion of the letter; this was objected to and excluded. *Held* no error ; that while standing upon a denial of the genuineness of the letter, defendant could not be permitted to state what he meant by a passage therein.

(Argued March 6, 1886 ; decided March 23, 1886.)

APPEAL from judgment of the Court of Common Pleas in and for the city and county of New York, entered upon an order made May 22, 1884, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

The nature of the action and the material facts are stated in the opinion.

*Wm. H. Arnoux* for appellant. Plaintiff under the agreement with defendant became a simple creditor at large ; the defendant a debtor with the right to use the moneys for his own use and benefit; and the moneys were a loan. (*Butler* v.

*Sprague,* 66 N. Y. 392; *Jordan* v. *Nat. Shoe & Leather Bk.,* 74 id. 467, 473; *Ætna Nat. Bk.* v. *Fourth Nat. Bk.,* 46 id. 86.) The moneys arising from the wages, in connection with the other sum of $100, made an entire and single claim, arising out of the same general contract, which could not be split up, and the judgment on the merits recovered by plaintiff on part of the claim is a bar to the recovery upon the remainder. (*Law* v. *McDonald,* 62 How. Pr. 340; *Jex* v. *Jacob,* 7 Abb. N. C. 452; *McIntosh* v. *Lowe,* 40 Barb. 550; *Badger* v. *Titcomb,* 15 Pick. 409; *Guernsey* v. *Carver,* 8 Wend. 492; *Bendernagle* v. *Cocks,* 19 id. 207; *Butler* v. *Sprague,* 66 N. Y. 392.) The judge erred in his refusal to charge the jury that swearing to an affidavit without knowledge of its contents was perjury. (*Pratt* v. *Price,* 11 Wend. 127; *People* v. *McKinney,* 3 Park. 511; *State* v. *Whittemore,* 50 N. H. 245; 9 Am. Rep. 196; *Rex* v. *Crossley,* 7 Term R. 315; *State* v. *Dayton,* 3 Zabr. 49; *Rex* v. *Hailey,* 1 C. & P. 258; *Reg.* v. *Christian,* 1 Curt. Marsh. 388; *Gurnee's Case,* Star Chamber, 9 Jac. 1, cited in 3 Coke's Inst. 166; 1 Bishop on Crim. Law, § 524; *State* v. *Gates,* 17 N. H. 373.) It is not for the defendant to point out in a jury trial the harm that immaterial evidence might do, but is for the plaintiff to establish that the immaterial evidence could not possibly have been detrimental to defendant. (2 Philips on Ev. [4th Am. ed.] 10, 12; *Worwall* v. *Parmelee,* 1 N. Y. 519; *Shorter* v. *People,* 2 id. 192; *Taylor* v. *Church,* 8 id. 452 460; *Erben* v. *Lorillard,* 19 id. 302; *Ashley* v. *Marshall,* 29 id. 494; *Brisbane* v. *Parsons,* 33 id. 332; *Starbird* v. *Barrows,* 43 id. 200.) It must clearly appear that the party complaining could by no possibility be injured by the error. (*Stokes* v. *People,* 53 N. Y. 164; *Wilson* v. *Wilson,* 4 Keyes, 413; *Anderson* v. *Rome, etc., R. R.,* 54 N. Y. 334; *Meade* v. *Spaulding,* 2 Alb. Law Jour. 49; *Everts* v. *Everts,* 62 Barb. 577; *Petrie* v. *Howe,* 4 S. C. 85.)

*B. F. Sawyer* and *Douglas A. Levien, Jr.,* for respondent. The judgment in the District Court was not a bar to this action. (*Perry* v. *Dickerson,* 85 N. Y. 345; *Secor* v. *Sturges,* 2 Abb. Pr. 69; 16 N. Y. 548; *Reformed Pres. Church* v.

*Brown,* 54 Barb. 191.) A verdict will not be set aside on bill of exceptions, although there was *error* on the trial, if the *error was such that it could do no legal injury. (Shorter* v. *People,* 2 N. Y. 192; *Wilson* v. *Wilson,* 4 Keyes, 413.)

EARL, J. The plaintiff alleges that in May, 1872, he entered into the employment of the defendant, his uncle, under an agreement whereby he was to have for his wages the sum of $14 per week, $9 of which was to be paid to him, and $5 of which was to remain in the hands of the defendant upon interest for his benefit until he should want it or leave the defendant's service, and that he remained in the employment of the defendant from that time until 1881; and this action was brought to recover the $5 per week thus left in the hands of the defendant with interest. The defendant in his answer denied the alleged agreement, and alleged that the compensation of the plaintiff while in his service was to be $9 per week, and that he had paid him in full for all his services, and alleged other matter. The action came to trial before a judge and jury, and, while upon the trial the case developed some extraordinary features growing mainly out of the conflict between the evidence of the plaintiff and of the defendant as witnesses, yet there was sufficient evidence to uphold the verdict of the jury in favor of the plaintiff.

Upon this appeal it is claimed by the learned counsel for the defendant that various errors were committed upon the trial, for which the judgment should be reversed, and we will particularly notice the most important.

*First.* In 1874 the plaintiff made a special deposit of $100 with the defendant, and in April, 1881, he sued the defendant in one of the District Courts in the city of New York to recover that $100, and he recovered judgment against him for that amount which was subsequently paid; and it is contended on behalf of the defendant that that judgment is a bar to the maintenance of this action. The claim is that that $100 specially deposited with the defendant, and so much of the plaintiff's wages as were left with the defendant under the agreement made in 1872, constituted but one cause of action, and hence

that the plaintiff was bound to include all his claims against the defendant in one action, and that having sued and had judgment for a portion of his cause of action, the whole cause of action was merged in that judgment, and that that judgment is a bar to the maintenance of this action, upon principles decided in *Guernsey* v. *Carver* (8 Wend. 492), *Bendernagle* v. *Cocks* (19 id. 207), *Jex* v. *Jacob* (7 Abb. N. C. 452), and other cases. But we think the plaintiff's claim for the $100 specially deposited with the defendant in money was a separate and independent cause of action, and that, therefore, a recovery in the first action was not a bar to this within the principles laid down in the case of *Secor* v. *Sturgis* (16 N. Y. 548). The $100 was deposited under a separate agreement. It had no connection whatever with the agreement for the rendition of services by plaintiff for the defendant under which the defendant was permitted to retain the $5 per week from his wages. In *Secor* v. *Sturgis*, the rule was laid down thus : " The true distinction between demands or rights of action which are single and entire, and those which are several and distinct is, that the former immediately arise out of one and the same act or contract, and the latter out of different acts or contracts ; " and that " there must be either an express contract, or the circumstances must be such as to raise an implied contract embracing all the items, to make them, where they arise at different times, a single or entire demand or cause of action." There was nothing here to bring the claim embraced in this action and the claim embraced in the prior action within this rule.

*Second.* In the District Court action the plaintiff, for the purpose of being permitted to sue as a poor person, made an affidavit that he was not worth $100 besides wearing apparel and furniture over and above the subject-matter of that action. According to the plaintiff's own evidence, he swore to that affidavit without actually knowing its contents or understanding the force of the language therein contained. The defendant's counsel requested the court to charge that if the plaintiff did not know the contents of the affidavit to which he swore he was guilty of perjury, but the court declined to so charge, and defendant's counsel excepted. It is now claimed that there

was error in this refusal. While it is undoubtedly perjury for one knowingly and willfully to swear to a fact as true about which he knows nothing (1 Bishop on Crim. Law, 524, *State* v. *Gates*, 17 N. H. 373), yet it is not necessarily perjury for one to swear to an affidavit of which he did not know the contents. He may have thought he did know, and he may honestly have believed that he knew. This plaintiff could not read or write, and he was bound to rely upon others as to the contents of the affidavit. He might honestly have believed that the affidavit contained matter which it did not contain and have supposed that he knew its contents; and hence he was not necessarily guilty of perjury, although in fact he did not know the contents. In order to fasten upon him the guilt of perjury, he must have known, at the time he verified the affidavit, that he did not know its contents, and he must have willfully made the affidavit, knowing that he knew nothing about its contents or the facts alleged. The facts contained in this request, therefore, even if sustained by the evidence, did not necessarily show that the plaintiff was guilty of perjury.

*Third.* The plaintiff produced upon the trial a letter purporting to have been written by the defendant to plaintiff's father in Ireland, in which, speaking of the plaintiff, he said: "James is well and is laying by one pound a week," and he attempted to prove this letter by the defendant, and the defendant denied substantially having written it; and without further proof at the time the court received the letter in evidence. If there had been no evidence subsequently given proving the genuineness of the letter, there would undoubtedly have been error in its reception; but subsequently very plain proof was given by another witness that the letter was actually written by the defendant and was in his handwriting. We think, therefore, that if there was error in receiving the letter when it was first put in evidence, the error was cured by evidence subsequently given.

*Fourth.* Subsequently the defendant was asked by his counsel to give what explanation he could give of that part of the letter which stated that the plaintiff was laying by a pound a week. This was objected to by the plaintiff and excluded.

We think this ruling was correct.    The defendant had denied
writing the letter, and while he was standing upon this denial
and claiming that the letter was not genuine, he could not be
permitted to state what he meant by any passage contained
in it.

The learned counsel for the appellant claimed that various
other errors were committed upon the trial.    We have exam-
ined all the alleged errors and do not think that any of the de-
fendant's exceptions were well taken.    We see no reason for
reversing the judgment, and it should, therefore, be affirmed,
with costs.

All concur.

Judgment affirmed.