(7 Misc. Rep. 147.)

## ROMANO et al. v. IRSCH.

(Common Pleas of New York City and County, General Term. February 5, 1894.)

1 PLEADING—REPLY—WHEN NOT NECESSARY.

In an action for freight, the answer alleged that the ship which carried the goods was not owned by plaintiff, and set up a counterclaim for failure to deliver the cargo in conformity with the charter party. *Held*, that such allegations negatived any liability of plaintiff for breach of contract, and therefore no reply was necessary.

2. SAME—ADMISSION FROM FAILURE TO REPLY—WAIVER.

Where a counterclaim, though not replied to, is nevertheless tried on its merits, plaintiff may interpose any defense which he could have set up in a reply. Heyman v. Schmidt, (Com. Pl. N. Y.) 19 N. Y. Supp. 215, followed.

Appeal from city court, general term.

Action by Francesco Romano and others against Francis Irsch. From a judgment of the city court (23 N. Y. Supp. 967) affirming a judgment entered on a verdict in favor of plaintiffs, defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

John Mulholland, for appellant.

Convers & Kirlin, (J. Parker Kirlin, of counsel,) for respondents.

DALY, C. J. The plaintiffs sued, as owners of the bark Guilio R., for carrying a cargo of bones consigned and delivered to defendant. The charge for freight was $1,334.33, and the defendant was credited with sundry payments thereon, leaving a balance of $210.43. The answer was a general denial, and a counterclaim of damages for failure to deliver the cargo in conformity with the charter party. It is a peculiarity of the counterclaim that it expressly avers that the bark Guilio R. was not owned by the plaintiffs, and yet is based upon an alleged contract made with the bark. These allegations negative any liability of plaintiffs for the breach of contract, and the answer, therefore, contained no counterclaim against them, and the plaintiffs were justified in interposing no reply. Upon the trial of the action, however, it was amply proved that the plaintiffs were the owners of the bark, and the counterclaim was tried upon its merits, with the result that the jury disallowed all the alleged items of damage.

Now it is urged that, there being no reply, the counterclaim was admitted, and there was no issue thereon to be submitted to the jury. This position is wholly untenable. The counterclaim, as pleaded, called for no reply, and, when it was afterwards tried upon its merits, this concession on the part of the plaintiffs did not deprive them of the right to interpose any defense to it which they could have set up if it had been properly pleaded. Arnold v. Angell, 62 N. Y. 508; Heyman v. Schmidt, (Com. Pl. N. Y.) 19 N. Y. Supp. 215. The counterclaim was properly disposed of on its merits. The delay in the delivery of the bones was due to legal proceedings not instituted by the plaintiffs, and for which they were in no wise responsible. Nor are plaintiffs chargeable with the amount of wharfage which defendant paid in order to release his goods, wharfage being no charge against the cargo.

The principal complaint of the appellant is in the admission of evidence. The charter party was admitted, although defendant was not named therein. It subsequently appeared, however, that he was the consignee of the cargo, and that the charter party was made for his benefit. Its admission, however, in no wise injured him, for the dispute upon the trial had reference solely to the merits of the counterclaim. Other documents purporting to come from defendant were admitted without proof that he issued them or authorized them; but this error was cured by subsequent uncontradicted evidence that certain of them were in his handwriting, and the others issued by his authorized agent. Byrnes v. Byrnes, 102 N. Y. 4, 5 N. E. 776. An examination of the case fails to disclose error in the rulings on the trial. The judgment and order must be affirmed, with costs. All concur.