## G. T. Butler v. The State.

### No. 1370.   Decided November 18th, 1896.

**1.  Perjury by Witness Before Grand Jury—Materiality.**

On an investigation, before the grand jury, of a charge of rape by one R. upon the wife of defendant, where defendant appeared as a witness and swore that said R. had submitted to him, through one D. a proposition to pay him five dollars if he would drop the matter charging R. with rape upon his wife and say no more about it.  Held·  The statement was material, and perjury could be assigned upon it.

**2.  Perjury—What Constitutes.**

To constitute perjury, the statement made must not only be false, but, the party making it must know it to be so.   If the witness testified under an honest mistake or misapprehension, and believed what he testified to, to be true, a conviction can not be had, though the statement be false.

**3.  Same—Evidence Insufficient.**

See opinion for evidence stated, which is held to be insufficient to sustain a conviction for perjury.

APPEAL from the District Court of Hill.   Tried below before Hon. J. M. HALL.

Appeal from a conviction for perjury as a witness before the grand jury; penalty, five years' imprisonment in the penitentiary.

Defendant made motions to quash the indictment and in arrest of judgment, which were overruled.

About August 31st, 1894, W. C. Richardson, George Dameron and appellant lived in the same neighborhood.   About 10 o'clock in the

morning of this particular day W. C. Richardson was at appellant's house for a short time alone with appellant's wife.   After this, on the same day, between 11 and 12 o'clock, George Dameron went to appellant's house and finding the appellant and wife in tears, was told by both, that W. C. Richardson had ravished the wife that morning.   Appellant and Dameron went in search of Richardson, and Dameron interfered to prevent a difficulty between appellant and Richardson, when appellant and Dameron returned to the former's house, where appellant remained, and from which Dameron went two or three times to see Richardson that same evening, conveying; according to his own testimony, and Richardson's, propositions from appellant to Richardson to settle the matter for a consideration, and, according to appellant, conveying propositions from Richardson to appellant, to the same effect. On the next day appellant and Richardson each came to the county seat and preferred charges against each other.   The charge against Richardson being rape, and against appellant, being in the language of Richardson, "blackmail."   When the grand jury were investigating the charge against Richardson the appellant made before it the statement upon which the perjury is assigned.

That "W. C. Richardson did, on or about the 31st day of August, 1894, submit a proposition, through one George Dameron, to pay to him, the said G. T. Butler, the sum of $5.00, if he, the said G. T. Butler, would drop the matter of charging him, the said W. C. Richardson, with rape upon Isabel Butler (the wife of said G. T. Butler) and say no more about it."

*Winfrey & Parr, Weathered & Short,* for appellant.—The court erred in overruling defendant's motions to quash, and in arrest of judgment, because the indictment was insufficient.

A statement, upon which perjury may be assigned, must have the following legal characteristics, to-wit:   (1) It must be competent testimony.   (2) It must be material and relevant to the issue.   (3) It must be the declaration of an alleged fact and not a conclusion.   (4) It must be such as would properly influence the tribunal before whom it is made in its determination of the issue under investigation.   (5) It must be false.   (6) A personal knowledge of its falsity at the time it is made, must appear from the statement itself to be claimed by the person making it.   (7) It must be wilfully and deliberately made.

The issue before the grand jury was the guilt of W. C. Richardson of rape upon appellant's wife; and upon this issue appellant testified that Richardson had submitted through another person a proposition to drop the matter between them, and, as an inducement to appellant to accept this proposition, had offered to give him five dollars.  This statement is alleged to be false, known to be so, and to have been wilfully and deliberately made by appellant.   Penal Code, Art. 201; Old Code, Art. 188; Buie's case, 43 Texas, 532; Webb's case, 41 Texas, 67; Davidson's case, 22 Tex. Crim. App., 372; Martinez's case, 7 Tex. Crim. App., 394; Powell's case,

28 Texas, 626; Hernandez's case, 18 Tex. Crim. App., 134; Ferguson v. State, ante p. 60.

*Mann Trice*, Assistant Attorney-General, for the State.

[No brief found with the record.—Reporter.]

HURT, PRESIDING JUDGE.—Appellant was convicted of perjury, and given five years in the penitentiary. Hence this appeal. The grand jury of Hill County were examining witnesses to ascertain whether or not one W. C. Richardson had committed a rape upon the body of Mrs. Isabel Butler, wife of appellant, G. T. Butler. The appellant, G. T. Butler, was a witness before the grand jury, and testified in regard to this matter; swearing that W. C. Richardson, on or about the 31st day of August, 1894, submitted a proposition, through George Dameron, to pay to him, the said G. T. Butler, the sum of $5, if he, the said G. T. Butler, would drop the matter of charging him, the said W. C. Richardson, with rape upon Isabel Butler, wife of said G. T. Butler, and say no more about it. This statement was assigned as perjury. The first question arising is whether the statement is material to the matter pending before the grand jury, relating to the rape. If Richardson had been on trial for the rape, and in fact had made such a proposition, we are of opinion that it would have been competent testimony. The proposition may have been prompted by two motives or objects—one through fear of a conviction of rape, if tried therefor; the other through a desire to suppress all such matters, and prevent them from being publicly exposed in the courts of the country. If the jury took the first view as to the motive prompting the proposition, then they might have considered it as a circumstance against the accused, Richardson, to be construed in connection with all the facts in the case. We are of opinion that the statement was material, and upon which perjury could be assigned. Now, to constitute perjury, the statement made must not only be false, but the party making it must know it to be so. If the witness testified under a honest mistake or misapprehension, and believed what he testified to be true, a conviction cannot be had, though the statement be false. See, Byrnes v. Byrnes, 102 N. Y., 5; 5 N. E., 776; People v. Dishler, 4 N. Y. Crim. Rep., 188. Appellant was a witness in the case. He swore that Dameron told him that "Richardson said, if I would drop the matter, and say no more about it, he (Richardson) would give him $5; and I told Dameron I would accept nothing of the kind." The facts sworn to before the grand jury appear to be within the knowledge of the appellant; in other words, that he knew, of his own knowledge, that Richardson, through Dameron, had made the above proposition. Yet it would be a remarkable case in which perjury could be sustained if the proof showed that some person had so stated to the witness before the witness made the statement. It would require very strong proof in such a case to establish the fact that appellant knew that the statement was false, and, in fact, that it was deliberately

made with such knowledge. Witnesses frequently swear to facts honestly believed by them to be true, based upon what some other person has told them. This is demonstrated daily in the courts of the country, and by cross-examination, it is ascertained that the witness is speaking, not from his own knowledge, but upon information. Now, if what the appellant says be true, that Dameron did make this statement to him, the fact that he swore of his own knowledge that the proposition was made, when he did not know it himself, but ascertained it from Dameron, we do not think sufficient to establish perjury. The record nowhere shows that Dameron did not state to appellant that Richardson had made the proposition, as stated by the appellant in his evidence. When appellant swore that Dameron had so stated to him, Dameron was not re-introduced as a witness. He does not deny the statement made by the appellant in his testimony. This is very important. Dameron was a witness, and, no doubt, in the courthouse; and if what the appellant had said was not true, we presume this would have been shown by re-introducing Dameron. It may be inferred from Dameron's testimony that he did not make this statement to the appellant. This inference is made from silence on this point, and not from what Dameron said. It may be argued that, as Dameron made a statement in regard to the transaction, that therefore he stated everything pertaining thereto. Now, this may be true; but, where the liberty of the citizen is involved inferences should not be indulged, when the fact can be established by positive proof. Let us now consider, for the argument, that Dameron denies that he made such a statement to the appellant. We then have the oath of the appellant against the oath of Dameron, without any testimony in corroboration of Dameron; for all that was said and done by Jones and Richardson may be perfectly true, and yet Dameron may have made the statement to the appellant. We call attention to this part of the case, to-wit: the corroboration of Dameron, and we are of opinion that the testimony is not sufficient to sustain this conviction for perjury, and that Mr. Dameron should have been introduced, and the proof made positive that he had not made the statement to the appellant, and other evidence introduced in corroboration of him, if attainable. The judgment is reversed, and the cause remanded.

*Reversed and Remanded.*